

FILED

Aug 2  2 32 PM '00

TE

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

DAVID D. RUSHING                                CIVIL ACTION

VERSUS                                          NO. 00-1784

BURL CAIN, WARDEN                               SECTION "C"(4)

## TRANSFER ORDER

Petitioner, David D. Rushing, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1983 state court conviction for which he is now serving a life sentence.  To support his challenge, petitioner asserts the following grounds for relief:[1]

    1)    The Grand Jury in St. Tammany Parish was constituted in violation of petitioner's Equal Protection and Due Process rights to have a fair cross-section of the community be selected to the Grand Jury when blacks were systematically excluded from selection as foreman;

    2)    Petitioner was denied the effective assistance of counsel when counsel failed to file a motion to quash the grand jury indictment when said Grand Jury was unconstitutionally selected in violation of petitioner's constitutional rights.

---

[1]   See Rec. Doc. 1.

DATE OF ENTRY
AUG - 3 2000

Fee_____
Process____
X Dktd_____
_ CtRmDep____
Doc. No._____

A review of this Court's records reflects that petitioner has filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>David Daniel Rushing v. Frank Blackburn, Warden</u>, Civil Action 86-4421"C"(4).  In that petition, petitioner through counsel raised the following grounds for relief:[2]

1) Petitioner was denied his Sixth Amendment right to present testimony in his favor;

2) Ineffective assistance of trial counsel during guilt phase and penalty phase;

3) Prosecutorial misconduct rendered the trial fundamentally unfair;

4) Petitioner was denied access to exculpatory testimony made by a grand jury witness;

5) Ex post facto application of law;

6) Petitioner's rights as enunciated in <u>Collins v. Lockhart</u>, 754 F. 2d 258 (8th Cir.), <u>cert</u>. <u>denied</u>, 106 S. Ct. 2052 (1985) were violated;

7) Petitioner's confession was unconstitutionally obtained and used against him at trial;

8) Improper jury instruction regarding the law of principle;

9) Insufficiency of evidence;

10) Petitioner was denied a full and fair hearing in all previous state court proceedings;

11) The death-qualification of petitioner's guilt-phase jury was illegal and unconstitutional;

12) The comparative appellate review of petitioner's sentence was unconstitutional inadequate;

---

[2] See C.A. 86-4421, Rec. Doc. 1 and 8.

13)   Petitioner's sentence is excessive and disproportionate;

14)   Petitioner's sentence is arbitrary and capricious;

15)   Electrocution is a cruel and unusual punishment;

16)   Petitioner's sentence is invidiously discriminatory;

17)   Capital Punishment is an excessive penalty;

18)   The cumulative effect of violations of petitioner's rights is in itself a violation of petitioner's constitutional rights.

That petition was dismissed with prejudice on the merits by Order and Judgment entered September 1, 1987.[3] Petitioner filed a motion to reconsider which was denied by Minute Entry entered January 7, 1988.[4]

Rushing through counsel filed an appeal with the United States Fifth Circuit Court of Appeals.[5] In a reasoned decision, the Fifth Circuit held that, due to evidentiary errors in the penalty phase, the death penalty violated Rushing's Eighth Amendment rights. The court vacated the death penalty and remanded to the district court for further proceedings.[6]

On May, 1, 1989, the district court remanded the matter to the Twenty-second Judicial District Court, Parish of St. Tammany,

---

[3]   See C.A. 86-4421, Rec. Docs. 11 and 12.

[4]   See C.A. 86-4421, Rec. Doc. 21.

[5]   See C.A. 86-4421, Rec. Doc. 23.

[6]   See C.A. 86-4421, Rec. Doc. 32; Rushing v. Butler, 868 F. 2d 800 (5th Cir. 1989).

Louisiana, for a sentencing hearing consistent with the Fifth
Circuit's ruling.[7]

The petition presently before the Court is considered to be
a second or successive petition as described by 28 U.S.C. § 2244.
In order to overcome the prohibition against the filing of a second
or successive claim under that section, the petitioner must
establish one of the following exceptions:

> 1)   the claim relies on a new rule of law, made retroactive
>      to cases on collateral review by the United States
>      Supreme Court, that was previously unavailable; or
>
> 2)   (i) the factual predicate for the claim could not have
>      been discovered previously through the exercise of due
>      diligence, and
>      (ii) the facts underlying the claim, if proven and viewed
>      in light of the evidence as a whole, would be sufficient
>      to establish by clear and convincing evidence that, but
>      for the constitutional error, no reasonable factfinder
>      would have found the petitioner guilty of the underlying
>      offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this
District Court, the petitioner must obtain authorization to file
this second or successive petition from the United States Fifth
Circuit Court of Appeals by making a prima facie showing of the
above listed requirements to that appellate court as required by 28
U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said
authorization, this Court is without jurisdiction to proceed.
Accordingly,

---

[7]   See C.A. 86-4421, Rec. Doc. 33.

**IT IS ORDERED** that plaintiff's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _2nd_ day of _August_ , 2000.


_____
UNITED STATES DISTRICT JUDGE

5